UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEBER D. PERRETT,<br><br>   Appellant,<br><br>v.<br><br>CLARENCE L. GUNTER, et al,<br><br>   Appellees. | DISTRICT COURT CASE<br>NO. CIV-F-06-1892 AWI<br><br>BANKRUPTCY COURT CASE<br>NO. 05-16471 A-13F<br><br>ADVERSARY PROCEEDING<br>NO. 05-01264<br><br>ORDER RE: MOTION FOR STAY<br>OF ORDER PENDING APPEAL TO<br>THE NINTH CIRCUIT |

**I. History**

Appellant Heber Perrett ("Perrett") is a landowner who leased farmland to Gunter Bros. & Sons, a California partnership. The members of the partnership are Lawrence, Clarence L., Roy, Warren, David, and Carol Gunter ("Gunters"[1]). On July 9, 1997, the Gunters filed suit against Perrett in Superior Court, County of Madera, alleging breach of a lease provision. Robert Rosati ("Rosati") was the attorney that represented the Gunters in the state court case. Perrett filed a cross complaint, alleging various causes of action. A bench trial was held from April 17 to April 24, 2000. On May 22, 2000, the Superior Court issued a tentative decision awarding

---

[1] The term "Gunters" will be used flexibly in this order to refer to all six partners as well as subsets of that group.

1

Perrett $15,289.51 for a breach of the implied covenant of good faith and fair dealing. The Gunters appealed that decision. On September 12, 2000, the Superior Court awarded Perrett $53,930.25 in attorney's fees and $4,873.54 in costs. The Gunters paid the amounts awarded to Perrett while appealing the Superior Court's orders. On March 4, 2002, the Court of Appeal for the State of California, Fifth Appellate District issued an order reversing the Superior Court's rulings, and remanded for further proceeding consistent with the opinion. The Gunters were granted costs on appeal.

The Superior Court ordered Perrett to make restitution and to repay the Gunters the amount awarded ("Restitution Order"). On September 5, 2002, the Superior Court fixed the amount of restitution at $79,592.90 to take into account interest. Perrett thereafter appealed the Restitution Order to the Court of Appeal. In lieu of an appeal bond, Perrett made a deposit of $110,000.00 ("Deposit") with the Superior Court on September 12, 2002. Rosati filed a lien for his fees (totaling $18,159.73 at the time) against the Deposit on January 10, 2003.

On January 21, 2003, the Superior Court accepted additional evidence in accordance with the Court of Appeal's opinion. Meanwhile David Gunter filed for Chapter 7 bankruptcy on April 16, 2003. The case against him was subject to an automatic stay. On August 6, 2003, the Superior Court issued a second judgment, finding Perrett the prevailing party in the case, entitled to attorney's fees and costs; the judgment did not award Perrett any substantive damages. On October 10, 2003, the Superior Court fixed the amount of attorney's fees at $86,804.00. On December 2, 2003, the August 6, 2003 judgment was restated, specifying $86,804.00 in attorney's fees and $4,564.00 in costs.

As David Gunter had filed for bankruptcy prior to the entry of these orders, the judgment does not apply to him. Warren Gunter filed for Chapter 7 bankruptcy on December 31, 2003. Roy, Clarence, and Larry Gunter filed for Chapter 7 bankruptcy on January 9, 2004. Carol Gunter did not file for bankruptcy. On July 19, 2004, the Court of Appeal affirmed the Restitution Order and granted costs on appeal to the Gunters.

The Chapter 7 Trustees of the five Gunter bankruptcies ("Trustees") filed an adversary proceeding on August 5, 2005 to determine the claims Perrett and Rosati had on the bankruptcy

estates, particularly the Deposit.  On August 15, 2006, the Trustees filed a motion for summary judgment, seeking to have five-sixth (5/6) of the Deposit declared property of the bankruptcy estates and to disallow any form of offset or setoff under 11 U.S.C. §553.  On August 16, 2006, Rosati also filed a motion for summary judgment, seeking to have his lien on the Deposit recognized.  The Trustees and Rosati did not oppose each others' motions.  Perrett opposed both.  A hearing before Judge Rimel was held on September 13, 2006.  Judge Rimel held a second hearing on November 28, 2006 to read findings of fact and conclusions of law into the record.  Written orders granting the two summary judgment motions were entered on December 1, 2006.

Perrett appealed the December 1, 2006 order.  By request of the Trustees, the appeal was sent to district court instead of the bankruptcy appellate panel.  This court issued an order denying the appeal on January 15, 2008.  Perrett filed a motion for rehearing/reconsideration.  The court denied the motion on March 24, 2008.  Perrett then appealed to the Ninth Circuit.  He seeks a stay of the January 15, 2008 order pending a ruling from the Ninth Circuit.  Appellee Rosati has filed an opposition.  Appellee Trustees have joined Appellee Rosati's opposition without filing any substantive briefing of their own.  Perrett filed a reply and the matter was taken under submission without oral argument.

## II. Legal Standards

"Different Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal. See Fed. Rule Civ. Proc. 62(c); Fed. Rule App. Proc. 8(a). Under both Rules, however, the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987), citations omitted.

## III. Discussion

Appellant Perrett asserts his "probability of success is obvious: he won a lawsuit, but now

3

must pay the people who lost it." Doc. 46, Perrett's Reply, at 4:20-21.  As demonstrated by the denial of appeal and reconsideration, the court differs with the obviousness of that conclusion. Nevertheless, appeal to the Ninth Circuit is not frivolous.

Perrett argues that absent a stay, the Deposit will be distributed through Gunters' bankruptcy proceedings, at which point it might be "out of Appellant's practicable reach." Doc. 37, Perrett's Brief, at 4:8-11.  Specifically, the problem would be that the funds would be "disbursed to any number of creditors requiring multiple suits, if proper defendants can be accurately identified at all." Doc. 46, Perrett's Reply, at 3:17-19.  Appellee Rosati argues, "These persons [creditors to whom the Deposit would be disbursed] are not strangers to the Bankruptcy court action which is where the money will be distributed," implying that Perrett might be able to recover it through the operation of the bankruptcy court. Doc. 44, Rosati Opposition, at 3:4-8. However, no party has explained how reversing the distribution of the Deposit to the creditors (who may number in the tens or even hundreds) would work in practice.  If Perrett prevails on appeal, he faces a serious risk of not being able to recover the Deposit.

The Appellees face no such risk.  Rosati argues "the creditors received no interest on the money owed to them. The effect of granting Perrett's motion is to grant Perrett an open-ended interest-free loan of money owed to other persons." Doc. 44, Rosati Opposition, at 3:12-14.  The assertion is not supported.  Perrett represents to the court that the Deposit "sits in an account not to be touched pending final resolution of this matter." Doc. 46, Perrett's Reply, at 3:22-23. Under Cal. Code Civ. Proc. §995.740, interest on the Deposit is paid to the principal (Perrett) on a quarterly basis only "If no proceedings are pending to enforce the liability of the principal on the deposit."  So far as the court can determine, interest on the Deposit is accruing and the whole will go to the prevailing party on appeal.  While there may be some variation in how the Deposit would be divided among the creditors of the estate if distribution is postponed, that is not a significant factor here.

As Perrett points out, there is no significant public interest involved in the decision to stay.  Given these factors, the court finds that a stay is warranted as the balance of hardships tips in favor of Appellant Perrett.

**IV. Order**

Appellant Perrett's motion is GRANTED.  This court's January 15, 2008 Order is STAYED pending the Ninth Circuit's ruling on the appeal.

IT IS SO ORDERED.

**Dated:     June 19, 2008**                              /s/ Anthony W. Ishii
                                                                        UNITED STATES CHIEF DISTRICT JUDGE